UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAZENA KENNEDY,

      Plaintiff,

vs.                                            Case No: 3:13-cv-101-J-12MCR

NATIONAL ASSET & RISK
MANAGEMENT, LLC,

      Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 11) filed September 12, 2013. In the instant Motion, Plaintiff seeks entry of a final default judgment and attorney's fees and costs against Defendant. To date, Defendant has not responded to the Motion and therefore, the Court will treat it as unopposed.

### I.    **BACKGROUND**

On January 28, 2013, Plaintiff filed the complaint in this case against Defendant alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 et seq. (Doc. 1). On March 29, 2013, Plaintiff filed an Amended Complaint (Doc. 5). Defendant did not respond and on July 5, 2013, Plaintiff filed a motion for entry of a Clerk's default. (Doc. 9). The Clerk entered default against Defendant on July 8, 2013. (Doc. 10). Thereafter, on September 12, 2013, Plaintiff filed the instant motion seeking a default judgment against Defendant. (Doc. 11). Again, Defendant did not respond.

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter final default judgment against a defaulting party, however, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Rather, the Court must find must first ensure it has both subject matter jurisdiction over the claims and personal jurisdiction over the parties and that there exists "a sufficient basis in the pleadings for the judgment entered." Id. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206)). Accordingly, in ruling on the instant motion for default judgment, the Court must examine in further detail whether it has jurisdiction and Defendant's liability under the causes of action alleged in the Amended Complaint.

#### 1. Jurisdiction

As an initial matter, the Court notes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3). Pursuant to 28 U.S.C. §1331, the Court has original jurisdiction over this matter as it is a civil action arising under the Constitution, laws or treaties of the United States. Specifically, this matter arises under two federal statutes. First, the FDCPA, 15 U.S.C. § 1692 *et seq.*,

---

[1] In the case of Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

which provides that federal district courts have original jurisdiction over all actions arising under the FCDPA, "without regard to the amount of controversy." 15 U.S.C. § 1692k(d). Additionally, Plaintiff brings claims under the TCPA, 47 U.S.C. § 227 *et seq*. "'Federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.'" Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1165 n. 6 (11th Cir. 2012) *cert. denied*, 133 S. Ct. 2337 (2013) (quoting Mims v. Arrow Fin. Servs., LLC, ––– U.S. –––, 132 S.Ct. 740, 745 (2012)).

However, the Court is unable, at this time, to determine whether it has personal jurisdiction over Defendant. The Amended Complaint does not provide sufficient factual information regarding Defendant for the Court to make such a determination. Accordingly, the motion for default judgment is due to be denied and Plaintiff shall be required to file a second amended complaint.

**2. Liability**

Plaintiff has also failed to adequately show liability for purposes of a default judgment. The Amended Complaint alleges that Defendant, a debt collector placed calls to Plaintiff's cellular telephone on October 18, 2012, November 2, 2012, and November 5, 2012, leaving the following pre-recorded voicemail message: "Any information obtained will be used for that purpose. Please return our call today at 866-202-5804. Again, that number is 866-202- 5804. Thank you." (Doc. 5, ¶¶ 11-13). Plaintiff claims Defendant violated the FDCPA by placing these telephone calls without meaningfully disclosing the caller's identity and by failing to notify Plaintiff during each collection contact that the communication was from a debt collector. Additionally, Plaintiff claims Defendant violated the TCPA by willfully and knowingly placing non-

emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, without Plaintiff's prior express consent.

In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1274 (M.D. Fla. 2008). Here, the Court believes Plaintiff has failed to plead sufficient facts to satisfy the first element, that Plaintiff has been the object of collection activity arising from consumer debt. The existence of a debt is a threshold requirement under the FDCPA. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir. 1998). Further, "not all obligations to pay are considered 'debts' subject to the FDCPA." Id. Indeed, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Accordingly, the FDCPA specifically restricts coverage to personal, family, or household transactions. "[T]he determination of whether a debt is incurred 'primarily for personal, family, or household purposes' is a fact driven one, and should be decided on a case-by-case (not necessarily plaintiff-by-plaintiff) basis looking at all relevant factors." Hansen v. Ticket Track, Inc., 280 F.Supp.2d 1196, 1204 (W.D. Wash. 2003). In the instant case, as the Amended Complaint fails to contain any factual allegations regarding Plaintiff's alleged debt, the Court cannot make any determination as to whether the debt in this case satisfies the definition in 15 U.S.C. § 1692a(5). Rather, Plaintiff has simply recited the

statutory definition of debt by stating, "Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, [to] a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes." (Doc. 5, ¶9).  This is not sufficient.  See Jenkins v. Santiago, No. 3:11-cv-1082, 2012 WL 3242354 (M.D. Fla. Aug. 8, 2013).

### 3. Relief Requested

Additionally, the Court observes that Plaintiff seeks to recover legal fees, including attorney's fees and costs.  However, Plaintiff has provided no support for the amount of legal fees incurred.  Indeed, the only reference to the attorney's fees is in an affidavit from Plaintiff's counsel stating Plaintiff requests attorney's fees in the amount of $2,827.50 and $410.00 in costs.  The affidavit fails to identify the names and titles of any individuals who rendered service to Plaintiff in connection with this litigation, much less any information regarding their respective skill and experience levels.  Nor does the affidavit contain records listing the amount of time spent on each of the tasks with respect to which the claimed fees were incurred.  Indeed, neither the affidavit nor the Motion for Default Judgment lists the total amount of time billed to Plaintiff in connection with this dispute.  Similarly, neither the affidavit nor the Motion itemize the costs claimed.

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar

services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)).  Those seeking fees "bear [ ] the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  Norman, 836 F.2d at 1299. To aid in a court's determination of an attorney's reasonable hourly rate, it may also consider the relevant factors as set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  See Loranger, 10 F.3d at 781, n. 6.  The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.  Johnson, 488 F.2d at 717. Unfortunately, neither the affidavit nor the Motion provide any information from which the Court can determine whether the rates charged are reasonable.

Likewise, the affidavit and Motion fail to provide sufficient information so that the Court can determine whether the number of hours expended in representing Plaintiff was reasonable.  A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary.  Norman, 836 F.2d at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)).  Finally,

Plaintiff should also provide the Court with an itemization of the alleged costs incurred so that it may make a determination as to whether to allow such costs.

### III. CONCLUSION

As Plaintiff has failed to adequately establish jurisdiction, liability, and entitlement to the relief requested, the undersigned will deny the Motion for Default Judgment (Doc. 11). The Court will permit Plaintiff an additional opportunity to replead and to re-serve a second amended complaint under Rule 4. In the event Defendant again fails to appear or defend, Plaintiff will be allowed a final opportunity to seek a default and a default judgment against Defendant in accordance with this Order.[2] Accordingly, after due consideration, it his

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. 11) is **DENIED without prejudice** to Plaintiff filing a second amended complaint in compliance with this Order. The second amended complaint shall filed on or before **October 21, 2013**. If a second amended complaint is filed, Plaintiff must properly serve it in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than **November 22, 2013**. If Defendant again fails to plead or otherwise defend, within the required time, Plaintiff shall file a motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on or before **January 10, 2014**. If a default is entered, Plaintiff is directed to file a motion for default judgment pursuant to Rule 55(b) Fed.R.Civ.P. in compliance with the directives in this Order and the Local Rules of this Court no later than **February 10, 2014**.

---

[2] If Plaintiff elects to file another motion for default judgment, she is instructed to ensure that it complies with the Local Rules of this Court. The instant motion fails to comply with Local Rule 3.01(a) in that it does not contain a memorandum of law citing to legal authority. Failure to comply with the Local Rules in the future will result in the non-complying document being either denied or stricken.

2. Failure to comply with this Order may result in the undersigned entering a recommendation that the case be dismissed pursuant to Local Rule 3.10(a) for lack of prosecution.

**DONE** and **ORDERED** in Jacksonville, Florida this  30th  day of September, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

National Asset & Risk Management, LLC
a/k/a National Asset Management, LLC
c/o CT Corporation System
2390 E. Camelback Rd.
Phoenix, AZ 85016