UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAZENA KENNEDY,

    Plaintiff,

v.                                  CASE NO. 3:13-cv-101-J-39MCR

NATIONAL ASSET & RISK
MANAGEMENT, LLC a/k/a
NATIONAL ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Second Motion for Final Default Judgment against Defendant ("Second Motion") (Doc. 22), seeking a default judgment in the amount of $5,614.00, representing statutory damages in the amount of $2,500.00, attorney's fees in the amount of $2,500.00, and costs in the amount of $614.00, plus pre- and post-judgment interest (Doc. 22-1).  To date, Defendant has not responded to the Second Motion; therefore, the Court will treat the Second Motion as unopposed.  However, for the reasons stated herein, the Second Motion is due to be **DENIED without prejudice** to filing and serving a third amended complaint under Rule 4 of the Federal Rules of Civil Procedure,[1] and a new motion for default judgment, if applicable, in compliance with this Order.

---

[1] Service under Rule 4, as opposed to Rule 5, of the Federal Rules of Civil Procedure, is appropriate because Plaintiff's Second Amended Complaint is inadequate to state a claim, and thus a third amended complaint must state "a new claim for relief." Fed. R. Civ. P. 5(a)(2).

I. **Background**

On January 28, 2013, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. (Doc. 1.) On March 29, 2013, Plaintiff filed an Amended Complaint. (Doc. 5.) On May 10, 2013, Plaintiff filed a Proof of Service on Defendant. (Docs. 7, 8.) As Defendant failed to appear in the case, Plaintiff filed her first Motion for Clerk's Entry of Default against Defendant on July 5, 2013. (Doc. 9.) On July 8, 2013, the Clerk of Court entered a default against Defendant. (Doc. 10.) On September 12, 2013, Plaintiff filed her first Motion for Default Judgment Against Defendant. (Doc. 11.) That motion was denied without prejudice on September 30, 2013 based on Plaintiff's failure to adequately establish jurisdiction, liability, and entitlement to the requested relief. (Doc. 13.) However, Plaintiff was given an opportunity to file a second amended complaint by October 21, 2013, serve the same on Defendant by November 22, 2013, and, if necessary, file a motion for entry of default by January 10, 2014, and a motion for default judgment by February 10, 2014. (*Id.* at 7.)

On October 21, 2013, Plaintiff filed a Second Amended Complaint. (Doc. 15.) On January 9, 2014, Plaintiff filed a Proof of Service showing that on November 26, 2013, the summons and the operative complaint were served on "Duc Le (Stat Agent), who is designated by law to accept service of process on behalf of CT Corporation System." (Doc. 18 at 2.) On January 10, 2014, Plaintiff filed her second

Motion for Clerk's Entry of Default against Defendant. (Doc. 19.) On January 14, 2014, the Clerk of Court again entered a default against Defendant. (Doc. 20.) On February 10, 2014, Plaintiff filed her Second Motion for Final Default Judgment Against Defendant ("Second Motion"). (Doc. 21.) On February 11, 2014, Plaintiff re-filed the Second Motion to correct the format of the exhibits and the case number. (Doc. 22.)

## II. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not

in itself warrant the court in entering a default judgment." *Nishimatsu*, 515 F.2d at 1206; *see also Patray*, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id. See also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### III.   Discussion

In the Second Motion, Plaintiff seeks entry of a default judgment against Defendant in the amount of $5,614.00, representing statutory damages in the amount of $2,500.00, attorney's fees in the amount of $2,500.00, and costs in the amount of $614.00, plus pre- and post-judgment interest (Doc. 22-1). Because neither the Second Amended Complaint nor the Second Motion was properly served on Defendant and they are otherwise deficient, the Second Motion is due to be denied without prejudice.

As stated earlier, on January 9, 2014, Plaintiff filed a Proof of Service showing that on November 26, 2013, the summons and the Second Amended Complaint were served on "Duc Le (Stat Agent), who is designated by law to accept service of process on behalf of CT Corporation System," whose address is 2390 E. Camelback

Rd, Phoenix, AZ 85016. (Doc. 18.) Based on the Proof of Service, it appears Defendant was not properly served with process in this case.

First, the address provided on the summons for Defendant is not listed on the Florida Department of State Division of Corporations website under either CT Corporation System or National Asset & Risk Management LLC a/k/a National Asset Management, LLC. Moreover, the Court is unable to determine if Defendant was properly served in accordance with Sections 48.081 and/or 48.091 of the Florida Statutes because the name and title of the individual who accepted service of process on behalf of CT Corporation System are illegible.[2] Therefore, it appears that Defendant was not properly served with the Second Amended Complaint. However, in light of the deficiencies in the Second Amended Complaint, Plaintiff will be given an additional, and likely final, opportunity to file a third amended complaint, and show that the same has been properly served on Defendant under Rule 4, Fed.R.Civ.P.

The Second Amended Complaint was filed in response to the Court's September 30, 2013 Order, which found the Amended Complaint to be deficient for several reasons. (Doc. 13.) First, the Amended Complaint did not provide sufficient factual information for the Court to determine whether it has personal jurisdiction

---

[2] "Duc Le" is not listed under either CT Corporation System or National Asset & Risk Management LLC a/k/a National Asset Management, LLC on the Florida Department of State Division of Corporations website. The name of the process server is also illegible. (Doc. 18 at 2.)

over Defendant. (*Id.* at 3.) In addition, the Amended Complaint did not adequately show Defendant's liability for purposes of a default judgment. (*Id.*) Specifically, the Amended Complaint did not contain sufficient factual allegations regarding Plaintiff's alleged debt, which made it impossible for the Court to determine whether the debt satisfies the definition in 15 U.S.C. § 1692a(5). (*Id.* at 4.)

Upon review of the Second Amended Complaint, the Court observes that Plaintiff has not adequately addressed all deficiencies listed in the Court's earlier Order. For example, although the Court need not reach the merits of the Second Motion, Plaintiff's Second Amended Complaint still does not adequately show Defendant's liability for purposes of a default judgment. Therefore, Plaintiff must ensure that all the material allegations of the third amended complaint are well-pled.

In addition, in the event that Plaintiff needs to move for a default judgment against Defendant after filing and serving a third amended complaint and obtaining a default, Plaintiff's motion for default judgment must comply with all applicable Local Rules.[3] The Second Motion is deficient in this respect because, *inter alia*, it does not include a memorandum of law.[4] *See* M.D. Fla. R. 3.01(a). Even when a default has

---

[3] Further, although Rule 5(a)(2), Fed.R.Civ.P., does not require service on a party who is in default for failing to appear, the best practice is for motions for default judgment to be served on the subject defendant so as to reduce the likelihood of a later attack on the judgment pursuant to Rules 55(c) and 60(b), Fed.R.Civ.P.

[4] By its September 30, 2013 Order, the Court instructed Plaintiff to ensure that any new motion for default judgment complies with the Local Rules of the Court; otherwise, the non-complying document would be either denied or stricken. (Doc. 13 at 7 n.2.) Despite this warning, Plaintiff's Second Motion failed to comply with the Local Rules.

been entered, a plaintiff must establish proper grounds for a default judgment by showing that the operative complaint adequately establishes subject matter jurisdiction over the action and sufficiently states a claim for relief against the defendant as to each count for which a default judgment is sought.[5]  After this showing is made, the Court will address the issue of damages and attorney's fees and costs.

Plaintiff is reminded it is her burden to show that an award of statutory damages is appropriate and that the nature of Defendant's violations warrants the maximum award, if that is what is requested.  *Jenkins v. Santiago*, Case No.: 3:11-cv-1082-J-34JBT, 2012 WL 3242354, *3 (M.D. Fla. Aug. 8, 2012).  Plaintiff is also reminded it is her burden to produce satisfactory evidence that the requested hourly rates are in line with prevailing market rates, *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988), as well as to show her entitlement to pre- and post-judgment interest.

Accordingly, it is **ORDERED**:

1.     The Second Motion (**Doc. 22**) is **DENIED without prejudice** to filing a third amended complaint in compliance with this Order, **on or before April 18,**

---

[5] Plaintiff's new motion for default judgment must state, *inter alia*, the elements of each claim and how they are met.

**2014**.[6]  If a third amended complaint is filed, Plaintiff must properly serve it on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, **on or before May 16, 2014**.  If Defendant fails to plead or otherwise defend within the required time, Plaintiff must file a motion for default against Defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, **on or before July 18, 2014**.  If a default is entered, Plaintiff must file a sufficient motion for a default judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, the Local Rules, and this Order, **on or before August 15, 2014**.  In light of the deficiencies in Plaintiff's filings to date, this will likely be the last opportunity for Plaintiff to seek a default judgment.

2.  Failure to comply with this Order may result in a recommendation that the case be dismissed for want of prosecution pursuant to Local Rule 3.10(a).

3.  If Plaintiff presents the Clerk of Court with a properly completed summons for service of a third amended complaint, the Clerk of Court is **DIRECTED** to sign, seal, and issue said summons.  See Fed. R. Civ. P. 4(b).

**DONE AND ORDERED** at Jacksonville, Florida, on March 28, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[6] The Second Motion for Final Default Judgment Against Defendant (**Doc. 21**), filed on February 10, 2014, is **TERMINATED**.

Copies to:

Counsel of Record

Any Unrepresented Party